## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In re:   Andover Covered Bridge, LLC,   )
                                        )   Chapter 11
            Debtor                      )   Case No. 15-20489
                                        )

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### OPINION

This matter came before me on the October 21, 2015 Motion of the United States Trustee to Convert or Dismiss the Chapter 11 Case of Andover Covered Bridge, LLC (Docket Entry "DE" 35). Based upon the facts established on the record, including the undisputed facts set forth in the various pleadings, and the arguments made by counsel in their pleadings and at the hearing on December 8, 2015, I conclude that the United States Trustee has demonstrated that cause exists under 11 U.S.C. § 1112(b) to dismiss this case. Such cause includes, but is not limited to, the late filing of certain monthly operating reports, the accrual of post-petition debt without the income or other apparent ability to pay such debt, and the absence of a reasonable likelihood of rehabilitation[1]. I further conclude that dismissal, rather than conversion of this case, is in the best interests of the creditors and the estate.

It is therefore hereby **ORDERED**, **ADJUDGED**, **and DECREED** that the chapter 11 case of Andover Covered Bridge, LLC is hereby **DISMISSED**. A separate order shall enter.

---

[1] Here, the Debtor maintains that it will soon submit a liquidating plan. The U.S. Trustee argues that a liquidating plan is not enough to save the Debtor from dismissal as such a plan would not satisfy the rehabilitation requirement in §1112 (b)(4). In this case, I agree with the U.S. Trustee. "Rehabilitation" as used in §1112(b)(4)(A) is distinct from a reorganization; while the latter can encompass liquidation, the former generally does not. 5 Norton Bankr. L. & Prac. 3d § 103:7. In addition, a Chapter 11 plan to rehabilitate must be grounded in something more concrete than a speculative intention to liquidate and thus cease operations. *In re Costa Bonita Resort, Inc*. 513 B.R. 184, 198 (Bankr. D.P.R. 2014).

Dated: December 14, 2015          /s/ Peter G. Cary
                                  Hon. Peter G. Cary
                                  Judge, U.S. Bankruptcy Court
                                  District of Maine